### 8464. LATTY *v.* THE STATE.

1. The evidence, although wholly circumstantial, was sufficient to warrant the conviction of the defendant of the offense of simple larceny.

2. The charge of the court was not, for the reasons assigned, erroneous.

DECIDED MARCH 23, 1917.

Accusation of misdemeanor; from city court of Hall county—Judge Wheeler. January 13, 1917.

*E. B. Dunlap, W. B. Sloan,* for plaintiff in error.

*Hammond Johnson,* solicitor, contra.

GEORGE, J. The defendant was convicted of the larceny of 600 pounds of seed cotton and of twelve sacks specifically described in

the indictment. The evidence against the accused was wholly circumstantial. On a careful review of the evidence we are of the opinion that the defendant's guilt was established beyond a reasonable doubt. The circumstances proved were sufficient to exclude every other reasonable hypothesis than that of his guilt.

During the trial of the case the court charged the jury as follows: "I charge you that the possession of stolen property within a short time after it is stolen, if that possession is unaccounted for and unexplained, affords a presumption of guilt, but this presumption is not one of law, and does not require a verdict of guilty, even though shown, and the jury will still acquit if there be a reasonable doubt of the defendant's guilt." It is said that there was no evidence to authorize this instruction. The evidence discloses that the sacks alleged to have been stolen, and which contained the cotton, also alleged to have been stolen, were found in the buggy of the defendant, upon his premises and at his home, shortly after the larceny. The evidence does not show that the defendant was in actual charge of the buggy or that he at any time had actual possession of the sacks. The charge excepted to was followed by this statement of the judge: "As to whether there has been any possession of stolen goods shown in this case is a matter solely and exclusively for you to determine from the evidence, the court does not and can not express or intimate any opinion on the facts in the case, and the charge here given is with reference to principles. I charge you that if any of the property alleged to have been stolen should be found in the buggy or on the premises of the defendant, if that property was put there by some one else other than the defendant, without his knowledge, this would not be such possession as would authorize an unfavorable presumption against him." We think the judge was right in giving the instruction excepted to, and that he was warranted by the evidence in so doing. The instructions given in immediate connection with the charge assigned as error were at once timely and proper.

After the jury had deliberated for some length of time, the court, on request, repeated the charge above quoted. We do not think that the repetition of this part of the charge, made upon the request of the jury, unduly emphasized the contentions of the State. The jury had the right to call upon the court for a recharge upon any principle of law or rule of evidence applicable to the facts

of the case. There was no error in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*